# Doyle's Estate.

*Will—Construction—Repugnant clauses.*

The rule as to the construction of wills, that as between inconsistent clauses, the last is evidence of the latest intention of the testator, is only applicable to cases of invincible repugnancy where no general intent is deducible to control particular and substitutionary clauses.

Testator after giving a number of pecuniary legacies to his children directed as follows: "I direct my administrator to sell all my personal property also any real estate of which I may die seized at the time of my death to hold the funds derived therefrom together with the money of which I am possessed, for the keeping and maintaining of my dearly beloved wife; at her death should she survive me, I direct that she be buried by my side, that her funeral expenses and doctor's bill be paid. Then I direct that the balance of the funds in the hands of my administrator be paid to my children, share and share alike, should any of my children die before me, I direct that their share go to their heirs." *Held,* that the pecuniary legacies should be paid out of the proceeds of the sale of the real and personal estate, and the balance paid over to the administrator for the trust created by the will.

Argued May 8, 1905. Appeal, No. 164, April T., 1904, by Catharine Doyle, from decree of O. C. Armstrong Co., June T., 1903, No. 14, sustaining exceptions to auditor's report in Estate of Michael Callahan, deceased. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of J. W. King, Esq., auditor.

From the record it appeared that on February 24, 1899, Michael Callahan executed his last will and testament as fol-

lows : "I, Michael Callahan in the name of God, Amen. Being frail of body but strong of mind and not knowing the time God may call me hence, I make this my last will and testament, revoking all former wills. I direct that I be buried in family lot in St. John's burial grounds at Coylesville and that my funeral expenses and all just debts be paid. To my beloved daughter Catharine, nee Green, I bequeath the sum of five dollars. To my beloved daughter Mary, nee Hannegan, I bequeath the sum of five hundred dollars. To my beloved son Michael, I bequeath the sum of five hundred dollars. To my beloved son John, I have already deeded a piece or parcel of land. To my son William and his heirs I bequeath the one-half of the old homestead, exception below. To my beloved daughter Biddy, nee Cusick, I bequeath the other one-half interest in the old homestead, exceptions noted below. Exception to my grandsons Dan and Patrick, sons of John Callahan, I bequeath five acres off the old homestead, line to run parallel with lands of John Callahan ; my son John Callahan to have control of said lands until the boys become of age. I direct my administrator to sell all my personal property also any real estate of which I may die seized at the time of my death, to hold the funds derived therefrom together with the money of which I am possessed for the keeping and maintenance of my dearly beloved wife, Grace D. Callahan ; at her death should she survive me, I direct that she be buried by my side ; that her funeral expenses and doctor bills be paid. Then I direct that the balance of funds in the hands of my administrator be paid to my children share and share alike. Should any of my children die before me I direct that their share go to their heirs.

"I appoint my son Michael Callahan my lawful administrator. This my last will and testament written on one sheet of paper."

The auditor held that the bequests in the will to Catharine Green, Mary Hannegan, Michael Callahan, and the devisees to William Callahan, Biddy Cusick, Daniel Callahan, Patrick Callahan and John Callahan fell because inconsistent with and repugnant to the latter clause in the will which directed his executor to sell any real estate of which he died seized and to hold the money he possessed for the keeping and maintenance of his widow. He awarded the whole fund left after the pay-

ment of debts, for the support of the widow. To this Mary Hannegan, one of the devisees, excepted.

The court sustained exceptions to the auditor's report and directed payment of the legacies.

*Error assigned* was the decree of the court.

*M. F. Leason,* with him *S. F. Bowser,* for appellant.

*Edward J. McKenna,* with him *J. Frank McKenna,* for appellee.

PER CURIAM, July 13, 1905:

This appeal raises the question of the proper construction of the will of Michael Callahan, deceased.

The various clauses thereof, relating to the disposition of his estate, were held by the auditor who distributed the estate to be repugnant.

After the distribution of so much of the estate as was necessary for the payment of debts, the balance was awarded to the administrator of Michael Callahan " to be used for the keeping and maintaining of Grace D. Callahan, widow of Michael Callahan, and for the paying thereout of her doctor bills and funeral expenses; and, after her death, the unexpended balance remaining, to be divided, share and share alike, to the children of Michael Callahan, deceased, and their heirs, in accordance with the will of Michael Callahan."

This interpretation of the will rendered nugatory and void certain specific devises and bequests made to his children in the previous part of the will. Upon exceptions, the court below, considering the will as a whole, decided that all the provisions of the will could be carried out, without declaring any of them void, and that this was the clear intention of the testator.

With the conclusion reached by the court below and the reasoning upon which it is based, we are satisfied, and can add little or nothing, which would be in any sense useful, thereto.

In Jones's Appeal, 3 Grant, 169, it is said (171):

" ' The best rule in the construction of wills,' said YEATES, J., in Findlay v. Riddle, 3 Binn. 139, ' is to find out first the general intent, and then, as far as language and grammar will

admit, to interpret particular expressions accordingly; and, in order to give effect to the general intent, the court will overlook a particular intent inconsistent therewith.'

"The reason of the old rule was that, as between inconsistent clauses, the last was evidence of the latest intention of the testator, but it seems more reasonable to presume that a man having expressed a clear purpose, does not intend in the same instrument to change it by what he says in reference to other subjects; and besides, according to all the maxims of interpretations which obtain nowadays, we are, in looking for the general intention, to take the whole will together, to construe it, as the phrase is, by its four corners. Where no general intent is deducible to control particular and substitutionary clauses, the old rule is applicable to cases of invincible repugnancy, but it should be an extreme case in which a devise or bequest, distinctly expressed, is suffered to be repealed by subsequent words, employed not for that purpose, but to define and limit other gifts."

There is no difficulty whatever in construing this will, if we take the directions to the administrator as to the sale of his personal and real estate, subject to the devises and bequests theretofore made. It would be as if he had said, "subject to the foregoing devices and bequests, I direct my administrator," etc. Assuming that the testator was of testamentary capacity, which is not denied in any way, this is the reasonable interpretation of his will and is entirely consistent throughout.

It is objected that the conclusion of the court below is based upon the personal knowledge which the judge had of the character of Michael Callahan, the testator. It is true that the judge indulges in reminiscences of his knowledge of the testator, but it is not apparent that his conclusion is based upon this knowledge. He reaches the conclusion upon legal grounds, based upon a general concept of the entire will. This is the well-recognized rule of construction and, when applied to the will under consideration, leaves it perfectly intelligible and consistent in all its parts.

Believing that the conclusion reached by the court below is entirely consistent with the testator's intentions, as expressed in his will, the decree is affirmed and the appeal dismissed at the costs of the appellant.